FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2014 FEB 27 P 1: 47

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| RICHARD A. DEVYLDER<br>550 14th Rd. S.<br>Apt. 106<br>Arlington, VA 22202<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC.<br>4333 Amon Carter Blvd.<br>Ft. Worth, TX 76155<br><br>-and-<br><br>AMERICAN EAGLE AIRLINES, INC.<br>4333 Amon Carter Blvd.<br>Ft. Worth, TX 76155<br><br>-and-<br><br>AMR CORPORATION<br>4333 Amon Carter Blvd.<br>Ft Worth, TX 76155<br><br>-and-<br><br>AMERICAN AIRLINES GROUP INC.<br>4333 Amon Carter Blvd.<br>Ft. Worth, TX 76155<br><br>-and-<br><br>US AIRWAYS GROUP, INC.<br>111 W. Rio Salado Parkway<br>Tempe, AZ 85281<br><br>-and-<br><br>METROPOLITAN WASHINGTON<br>AIRPORTS AUTHORITY<br>1 Aviation Circle<br>Arlington, VA 22202 | )<br><br>Case No. 1:14CV219-LO-IDD |

**Defendants.**               )
_____)

## JOINT NOTICE OF REMOVAL OF CIVIL ACTION

Defendants American Airlines, Inc. ("AA"), American Eagle Airlines, Inc. ("AEA"), AMR Corporation ("AMR"), American Airlines Group, Inc. ("AAG") and US Airways Group, Inc. ("US Airways", and collectively the "Airline Defendants"), defendants in a civil action brought by Richard A. Devylder now presently pending as Case No. CL14000147-00 in the Circuit Court for Arlington County, Virginia, hereby file this Joint Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, on the grounds that the parties to this action are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. In support of its Notice of Removal, the Defendant states as follows:

1. On January 21, 2014, Mr. Devylder filed a complaint against the Airline Defendants and Metropolitan Washington Airports Authority ("MWAA") in the Circuit Court of Arlington County, Virginia, styled and captioned as *Richard A. Devylder v. American Airlines, Inc., et al.*, and assigned Case Number CL14000147-00 (the "State Court Case"). A true and correct copy of the Complaint is attached hereto as Exhibit 1.

2. On or about February 4, 2014 AA, AEA, and US Airways were each, respectively served with a summons and a copy of the Complaint by process server. On February 5, 2014, MWAA was served with a summons and a copy of the Complaint by process server. A true and correct copy of the collected summonses served on AA, AEA, US Airways, and MWAA are attached hereto as Exhibit 2.

3. On information and belief, AMR and AAG have not yet been served.

2

4. Prior to the filing of this Notice, the Airline Defendants copied the entire docket for the State Court Case. The docket consisted of only the Complaint and proofs of service for AA, AEA, US Airways, and MWAA. Arlington Circuit Court does not maintain a copy of previously issued summons. The collected proofs of service are attached hereto as Exhibit 3.

5. In the Complaint, Plaintiff alleges three counts: (1) negligence; (2) vicarious liability; and (3) breach of contract. Plaintiff requests judgment "in an amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus costs." *See* Complaint at p. 9.

6. According to the Complaint, Plaintiff is a resident of Virginia. *See* Complaint ¶ 1.

7. For the purposes of diversity, none of the Airline Defendants are a citizen of Virginia. *See* Exhibit 4 (Bramlet Declaration), ¶¶ 3-6.

8. MWAA is a public body jointly created by the Commonwealth of Virginia and the District of Columbia. *See* Complaint ¶8.

9. There is no possibility that Plaintiff will be able to establish a cause of action against MWAA. *See* Exhibit 5 (Kalet Declaration), ¶¶ 5-6; Exhibit 6 (Robertson Declaration), ¶¶ 6, 9; Memorandum in Support of Court's Diversity Jurisdiction Under the Doctrine of Fraudulent Joinder. Under the doctrine of fraudulent joinder, the Court should disregard the citizenship of MWAA for the purposes of evaluating its initial jurisdiction, and then dismiss MWAA as a party so as to retain its jurisdiction over the matter. *See e.g., Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

10. Pursuant to 28 U.S.C. § 1332, the Federal District Court has original jurisdiction of all civil actions between citizens of different states where the amount in controversy exceeds $75,000 exclusive of interest and costs.

11. Complete diversity exists between the Plaintiff and the Airline Defendants, and the amount in controversy exceeds $75,000.

12. Pursuant to 28 U.S.C. § 1441(a) and (b), the State Court Case may be removed to Federal District Court because the federal courts have jurisdiction over this claim under 28 U.S.C. § 1332 and none of the Airline Defendants is a citizen of the Commonwealth of Virginia.

13. Under 28 U.S.C. § 1446 (a), (b) and (d), the State Court Case may be removed to the United States District Court for the Eastern District of Virginia, Alexandria Division, which is the Federal District Court that embraces Arlington County within its jurisdiction. Concurrent with the filing of this Notice of Removal, written notice thereof will be given to the parties, a true and correct copy of which has been filed with the Court. A true and correct copy of the Notice being filed with the Clerk of Circuit Court of Arlington County is attached as Exhibit 7.

14. This Notice of Removal is timely because it is being filed within the statutorily allowed thirty (30) day period after the date the Airline Defendants received a copy of the initial pleading. *See* 28 U.S.C. § 1446(b).

15. To the extent it is necessary, MWAA consents to this Notice of Removal. *See* Exhibit 8 (Letter from M. Kletzkin).

16. In filing this Notice of Removal, the Airline Defendants do not waive and hereby expressly reserve the right to assert any and all defenses, including contesting jurisdiction and venue.

17. Other than the documents attached as exhibits to this Notice, no other pleadings or papers have been filed in the State Court Case.

WHEREFORE, the Airline Defendants gives notice that the above-captioned action is removed from the Circuit Court for Arlington County, Virginia, to this Court.

Dated: February 27, 2014

Respectfully submitted,

_____
Wayne A. Schrader, Va. Bar No. 84797
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
wschrader@islerdare.com
*Counsel for American Airlines, Inc., American Eagle Airlines, Inc., AMR Corporation, American Airlines Group Inc. and U.S. Airways Group, Inc.*

_____
Micah E. Ticatch, Va. Bar No. 83351
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
mticatch@islerdare.com
*Counsel for American Airlines, Inc., American Eagle Airlines, Inc., AMR Corporation, American Airlines Group Inc. and U.S. Airways Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of February 2014, a true and accurate copy of the foregoing was served by email and first-class mail to the following address:

Jason W. Fernandez
Virginia State Bar No. 72934
GREENBERG & BEDERMAN LLP
1111 Bonifant Street
Silver Spring, Maryland 20910
Phone : (301) 589-2200
Fax: (301) 589-6706
jfernandez@gblawyers.com
*Counsel for Plaintiff*

Morris Kletzkin, Esq.
FRIEDLANDER MISLER, PLLC
5335 Wisconsin Avenue, NW
Suite 600
Washington, DC 20015-2045
Phone: (202) 872-0800
Fax: (202) 857-8343
mkletzkin@ddaw
*Counsel for Metropolitan Washington Airports Authority*

_____
Wayne A. Schrader, Va. Bar No. 84797
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
(703) 748-2690
(703) 748-2695 (fax)
wschrader@islerdare.com
*Counsel for American Airlines, Inc., American Eagle Airlines, Inc., AMR Corporation, American Airlines Group Inc. and U.S. Airways Group, Inc.*