# Exhibit 1

FILED by Arlington County Circuit Court
01/21/2014

**VIRGINIA:**

### IN THE CIRCUIT COURT FOR ARLINGTON COUNTY

| | | |
|---|---|---|
| RICHARD A. DEVYLDER<br>550 14th Rd. S.<br>Apt. 106<br>Arlington, VA 22202 | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO.: 14-147 |
| AMERICAN AIRLINES, INC.<br>4333 Amon Carter Blvd.<br>Ft. Worth, TX 76155<br>-Serve-<br>  CT Corporation System<br>  4701 Cox Rd., Ste. 285<br>  Glen Allen, VA 23060 | ) ) ) ) ) ) ) ) ) | **RECEIVED**<br><br>JAN 21 2014<br><br>PAUL FERGUSON, CLERK<br>Arlington County Circuit Court<br>by _____ Deputy Clerk |
| -and- | ) ) | |
| AMERICAN EAGLE AIRLINES, INC.<br>4333 Amon Carter Blvd.<br>Ft. Worth, TX 76155<br>-Serve-<br>  CT Corporation System<br>  4701 Cox Rd., Ste. 285<br>  Glen Allen, VA 23060 | ) ) ) ) ) ) ) ) | |
| -and- | ) ) | |
| AMR CORPORATION<br>4333 Amon Carter Blvd.<br>Ft. Worth, TX 76155<br>-Serve-<br>  Office of the Secretary of the<br>  Commonwealth<br>  1111 East Broad St., 4th Floor<br>  Richmond, VA 23219 | ) ) ) ) ) ) ) ) ) | |
| -and- | ) ) | CL14000147-00<br>GTOR<br>COM |
| AMERICAN AIRLINES GROUP INC.<br>4333 Amon Carter Blvd. | ) ) | |

$296⁰⁰
SPS
Mail

Ft. Worth, TX 76155 )
-Serve- )
    Office of the Secretary of the )
    Commonwealth )
    1111 East Broad St., 4th Floor )
    Richmond, VA 23219 )
    )
-and- )
    )
US AIRWAYS GROUP, INC. )
111 W. Rio Salado Parkway )
Tempe, AZ 85281 )
-Serve- )
    CT Corporation System )
    4701 Cox Rd., Ste. 285 )
    Glen Allen, VA 23060 )
    )
-and- )
    )
METROPOLITAN WASHINGTON )
AIRPORTS AUTHORITY )
1 Aviation Circle )
Arlington, VA 22202 )
-Serve- )
    Philip Sunderland )
    General Counsel & Vice President )
    1 Aviation Circle )
    Arlington, VA 22202 )
    )
Defendants. )

## COMPLAINT

COMES NOW the Plaintiff, Richard A. Devylder, by counsel, and moves for the relief stated herein on grounds set forth below:

## PARTIES

1. Plaintiff, Richard A. Devylder (hereinafter referred to as "Plaintiff"), resides at 550 14th Rd. S., Apt. 106, Arlington, VA 22202.

2. Defendant American Airlines, Inc. is a corporation with headquarters in Ft. Worth, Texas that regularly conducts business within the Commonwealth of Virginia. Defendant American Airlines, Inc. is registered with the Virginia State Corporation Commission and its registered agent is CT Corporation System, 4701 Cox Rd., Ste. 285, Glen Allen, VA 23060.

3. Defendant American Eagle Airlines, Inc. is a corporation with headquarters in Ft. Worth, Texas that regularly conducts business within the Commonwealth of Virginia. Defendant American Eagle Airlines, Inc. is registered with the Virginia State Corporation Commission and its registered agent is CT Corporation System, 4701 Cox Rd., Ste. 285, Glen Allen, VA 23060.

4. Defendant AMR Corporation is a corporation headquartered in Ft. Worth, Texas that regularly conducts business within the Commonwealth of Virginia. Defendant AMR Corporation is the parent company of Defendant American Airlines, Inc. and Defendant American Eagle Airlines, Inc. Defendant AMR is not registered with the Virginia State Corporation Commission, and service is proper on the Secretary of the Commonwealth pursuant to VA § 8.01-301.3.

5. Defendant American Airlines Group Inc. is a corporation resulting from the merger of AMR Corporation and US Airways Group, Inc. that is headquartered in Ft. Worth Texas and regularly conducts business within the Commonwealth of Virginia. Defendant American Airlines Group Inc. is not registered with the Virginia State Corporation Commission, and service is proper on the Secretary of the Commonwealth pursuant to VA § 8.01-301.3.

6. Defendant US Airways Group, Inc. is a corporation with headquarters in Tempe, Arizona that regularly conducts business within the Commonwealth of Virginia. Defendant US Airways Group, Inc. is a wholly-owned subsidiary of Defendant AMR Corporation. Defendant

US Airways Group, Inc. is registered with the Virginia State Corporation Commission and its registered agent is CT Corporation System, 4701 Cox Rd., Ste. 285, Glen Allen, VA 23060.

7. The term "Defendants American Airlines" will hereinafter refer to the phrase "Defendant American Airlines, Inc. and/or Defendant American Eagle Airlines, Inc. and/or Defendant AMR Corporation and/or Defendant American Airlines Group Inc. and/or Defendant US Airways Group, Inc.".

8. Defendant Metropolitan Washington Airports Authority (hereinafter "MWAA") is an independent public body that was created through the Commonwealth of Virginia and the District of Columbia that operates, maintains and improves the Ronald Reagan National Airport. See D.C. Code § 9-1006 & VA § 5.1-153.

## COUNT I – NEGLIGENCE

9. On or about February 15, 2012, Plaintiff was a business invitee and passenger on American Airlines Flight No. 1530, which departed Chicago O'Hare International Airport, 10000 West O'Hare Avenue, Chicago, Illinois 60666, and arrived at Ronald Reagan National Airport, 2401 Smith Blvd, Arlington, Virginia 22202.

10. Plaintiff is an individual with no arms or legs, and at all material times, used an electric powered wheelchair for mobility.

11. On or about February 15, 2012, Plaintiff's wheelchair was loaded onto American Airlines Flight No. 1530 at the Chicago O'Hare International Airport, and was unloaded from that same plane at the Ronald Reagan International Airport.

12. At all material times, Plaintiff was a business invitee and passenger of Defendants American Airlines.

4

13. At all material times while at Ronald Reagan National Airport, Plaintiff was a business invitee and lawfully on the premises owned/occupied, operated and/or maintained by Defendant MWAA.

14. On or near February 15, 2012, one or more of Defendants American Airlines' employees and/or agents improperly and negligently loaded Plaintiff's wheelchair onto American Airlines Flight No. 1530, causing the batteries to shift.

15. On that same date, at Ronald Reagan National Airport, one or more of Defendants American Airlines' and/or Defendant MWAA's employees and/or agents improperly and negligently secured, positioned and/or placed the wheelchair's batteries and bumper after unloading said wheelchair from American Airlines Flight No. 1530.

16. On that same date, after leaving Ronald Reagan National Airport, Plaintiff was traveling in his wheelchair at or near the 550th block of 14th Rd. S. in Arlington Virginia, when his electric wheelchair suddenly stopped, causing the Plaintiff to fall forward and strike the sidewalk ground.

17. The electric wheelchair suddenly stopped due to the improper placement, positioning and/or securing of the wheelchair's batteries and bumper that occurred while it was being transported, loaded, and/or unloaded from American Airlines Flight No. 1530.

18. At all material times to this Complaint, Defendants American Airlines and/or Defendant MWAA (i) owed a duty to the Plaintiff to handle, load, unload, and secure Plaintiff's wheelchair in a reasonably safe manner; and/or (ii) owed a duty to the Plaintiff as a common carrier to use the highest degree of practical care and foresight for the safety of its passengers; and/or (iii) owed to Plaintiff, who was a known disabled passenger, a duty to use care, as a

5

common carrier, beyond that care given to a normal passenger, to protect a passenger in that passenger's disabled condition from the dangers incident to his surroundings and mode of travel.

19. Notwithstanding these duties, and in breach thereof, Defendants American Airlines and/or Defendant MWAA, by and through their employees and/or agents, failed to handle, load, unload and/or secure Plaintiff's wheelchair in a reasonably safe manner. Defendants American Airlines' and/or Defendant MWAA's negligence consisted of, among other things, failing to properly abide by and/or adhere to applicable regulations, ordinances, and/or statutes regarding the practice of transporting, loading, unloading, and/or securing a passenger's wheelchair on a U.S. flight; failing to ensure that its/their employees and/or agents met the proper and accepted standard of care set forth for the transporting, loading, unloading, and securing a passenger's wheelchair on a U.S. flight; failing to properly instruct, train and/or educate its/their employees and/or agents regarding the proper handling of a passenger's wheelchair; failing to properly inspect and/or review the process by which its/their employees and/or agents handled items such as electric wheelchairs, and otherwise being negligent.

20. As a direct and proximate result of Defendants American Airlines' and/or Defendant MWAA's negligence, and breach of duties, Plaintiff sustained severe and permanent bodily injuries and damages, has experienced and will continue to experience pain and suffering, has incurred and will continue to incur medical expenses, has incurred and will continue to incure lost wages, has been prevented and will continue to be prevented from engaging in normal social and recreational activities, and has suffered and will continue to suffer other damages.

## COUNT II - VICARIOUS LIABILITY

21. Paragraphs 1-20 are referenced and incorporated herein.

22. On or about February 15, 2012, yet to be identified employees and/or agents of Defendants American Airlines and/or MWAA (hereinafter "Baggage Handlers") loaded, unloaded, secured and/or assembled Plaintiff's wheelchair in association with Plaintiff's travel on American Airlines Flight 1530.

23. At all material times, the Baggage Handlers (i) owed a duty to the Plaintiff to handle, load, unload, and secure Plaintiff's wheelchair in a reasonably safe manner; and/or (ii) owed a duty to the Plaintiff as employees/agents of a common carrier to use the highest degree of practical care and foresight for the safety of its passengers; and/or (iii) owed to Plaintiff, who was a known disabled passenger, a duty to use care, as employees/agents of a common carrier, beyond that care given to a normal passenger, to protect a passenger in that passenger's disabled condition from the dangers incident to his surroundings and mode of travel.

24. Notwithstanding these duties, and in breach thereof, the Baggage Handlers negligently loaded, unloaded, handled and/or secured Plaintiff's wheelchair. The Baggage Handlers negligence consisted of, among other things, failing to handle, load, and/or unload the wheelchair in a reasonably safe manner; failing to properly secure and reposition the wheelchair after it was unloaded; failing to abide by and/or adhere to regulations, ordinances, and/or statutes regarding the transporting, loading and unloading of a passenger's wheelchair; failing to warn the Plaintiff of the wheelchair's faulty and dangerous condition after being negligently handled, loaded and/or unloaded from the plane; and otherwise being negligent.

25. At all times material, the Baggage Handlers were agents, servants, and/or employees of Defendants American Airlines and/or Defendant MWAA and working within the scope of their employment and/or agency for Defendants American Airlines and/or Defendant MWAA.

26. As the Baggage Handlers were Defendants American Airlines' and/or Defendant MWAA's agent, servant and/or employee, Defendants American Airlines and/or Defendant MWAA is/are vicariously liable for the Baggage Handlers' negligence and Plaintiff's resulting injuries and damages.

### COUNT III – BREACH OF CONTRACT
**(Defendants American Airlines)**

27. Paragraphs 1-26 are referenced and incorporated herein.

28. At all times material, a contract was in effect between Plaintiff and Defendants American Airlines.

29. Under that contract, Defendants American Airlines were obligated (i) to notify airport and in-flight personnel of any special service requests required by a passenger's disability, (ii) to accept Plaintiff's electric wheelchair for transport, and (iii) disassemble and reassemble Plaintiff's wheelchair.

30. On or about February 15, 2012, Defendants American Airlines breached the subject contract by failing to properly transport Plaintiff's wheelchair, and failing to properly disassemble and/or reassemble Plaintiff's wheelchair after being loaded and unloaded from American Airlines Flight 1530.

31. This breach proximately caused Plaintiff's wheelchair to malfunction and Plaintiff's resulting injuries and damages from that malfunction.

32. Defendants American Airlines are liable for Plaintiff's injuries and damages directly resulting from their breach of the subject contract.

\* \* \*

WHEREFORE, Plaintiff demands judgment against *each* Defendant in an amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus costs, and for any further relief that this Court deems necessary and appropriate.

RESPECTFULLY SUBMITTED,

_____
Jason W. Fernandez
Va. Bar No. 72934
GREENBERG & BEDERMAN LLP
Attorneys for Plaintiff
1111 Bonifant St.
Silver Spring, MD 20910
t: (301) 589-2200 | f: (301) 589-6706

9

**VIRGINIA:**

## IN THE CIRCUIT COURT FOR ARLINGTON COUNTY

| | |
|---|---|
| RICHARD A. DEVYLDER )<br>    550 14th Rd. S. )<br>    Apt. 106 )<br>    Arlington, VA 22202 )<br>    )<br>    Plaintiff, )<br>    )<br>v. )<br>    )<br>AMERICAN AIRLINES, INC. )<br>4333 Amon Carter Blvd. )<br>Ft. Worth, TX 76155 )<br>-Serve- )<br>    CT Corporation System )<br>    4701 Cox Rd., Ste. 285 )<br>    Glen Allen, VA 23060 )<br>    )<br>-and- )<br>    )<br>AMERICAN EAGLE AIRLINES, INC. )<br>4333 Amon Carter Blvd. )<br>Ft. Worth, TX 76155 )<br>-Serve- )<br>    CT Corporation System )<br>    4701 Cox Rd., Ste. 285 )<br>    Glen Allen, VA 23060 )<br>    )<br>-and- )<br>    )<br>AMR CORPORATION )<br>4333 Amon Carter Blvd. )<br>Ft. Worth, TX 76155 )<br>-Serve- )<br>    Office of the Secretary of the )<br>    Commonwealth )<br>    1111 East Broad St., 4th Floor )<br>    Richmond, VA 23219 )<br>    )<br>-and- )<br>    )<br>AMERICAN AIRLINES GROUP INC. )<br>4333 Amon Carter Blvd. ) | CASE NO.: _____ |

| | |
|---|---|
| Ft. Worth, TX 76155 | ) |
| -Serve- | ) |
|    Office of the Secretary of the | ) |
|    Commonwealth | ) |
|    1111 East Broad St., 4th Floor | ) |
|    Richmond, VA 23219 | ) |
| | ) |
| -and- | ) |
| | ) |
| US AIRWAYS GROUP, INC. | ) |
| 111 W. Rio Salado Parkway | ) |
| Tempe, AZ 85281 | ) |
| -Serve- | ) |
|    CT Corporation System | ) |
|    4701 Cox Rd., Ste. 285 | ) |
|    Glen Allen, VA 23060 | ) |
| | ) |
| -and- | ) |
| | ) |
| METROPOLITAN WASHINGTON | ) |
| AIRPORTS AUTHORITY | ) |
| 1 Aviation Circle | ) |
| Arlington, VA 22202 | ) |
| -Serve- | ) |
|    Philip Sunderland | ) |
|    General Counsel & Vice President | ) |
|    1 Aviation Circle | ) |
|    Arlington, VA 22202 | ) |
| | ) |
| Defendants. | ) |

Plaintiff Richard A. Devylder prays for a jury trial for all claims contained herein.

RESPECTFULLY SUBMITTED,

Jason W. Fernandez
Va. Bar No. 72934
GREENBERG & BEDERMAN LLP
Attorneys for Plaintiff
1111 Bonifant St.
Silver Spring, MD 20910
t: (301) 589-2200 | f: (301) 589-6706

11